*Singh v. Garland*
BIA
Schoppert, IJ
A202 064 135

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

DAVINDER SINGH,
> *Petitioner*,

v.                                                                    21-6636-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Anas J. Ahmed, Pannun The Firm, P.C., Jackson Heights, New York.

FOR RESPONDENT:      Karen L. Melnik, Trial Attorney, Office of Immigration Litigation (Brian M. Boynton, Principal Deputy Assistant Attorney General, and Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), Civil Division, United States

Department of Justice, Washington, District of Columbia.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Davinder Singh, a native and citizen of India, seeks review of a December 9, 2021 decision of the BIA, affirming a July 16, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum.[1] *In re Davinder Singh*, No. A 202 064 135 (B.I.A. Dec. 9, 2021), *aff'g* No. A 202 064 135 (Immig. Ct. N.Y. City July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to grant the petition.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dept. of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review legal conclusions *de novo* and findings of fact for substantial evidence. *See Jagdeep Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Singh alleged he was threatened by members of the Akali Dal Badal Party ("Badal Party") because of his involvement with the Shiromani Akali Dal Amritsar Party, and asserted that he could not relocate within India because Badal Party members would find him through India's national identification system and were allied with the Bharatiya Janata Party, which holds power nationally. The agency concluded that Singh failed to establish past persecution and thus bore the

---

[1] Singh has not separately appealed the denial of his claims for withholding of removal and relief under the Convention Against Torture.

2

burden of demonstrating a well-founded fear of future persecution. We remand for the agency to consider past persecution under the proper standard and then, to the extent required, to determine if the parties met their relevant burdens with respect to future persecution. *See* 8 C.F.R. § 1208.13(b)(1) ("An applicant who has been found to have established such past persecution shall also be presumed to have a well-founded fear of persecution on the basis of the original claim."); *id.* § 1208.13(b)(ii) (placing burden on the government to rebut the presumption).[2]

The agency failed to consider whether Singh could establish past persecution based on the Badal Party's attack on his father. Following Singh's departure from India, Badal Party members searched for him at his father's home and beat his father, fracturing his leg, when his father would not reveal his whereabouts. "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Just.*, 416 F.3d 192, 198 (2d Cir. 2005)). However, it "encompasses a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (alteration adopted) (internal quotation marks and citation omitted). Here, the agency considered the general rule that "the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (alteration omitted) (internal quotation marks and citation omitted)). In applying this rule, the agency failed to consider that, although persecution of a family member generally cannot be considered persecution of the applicant, "if an applicant's family member was harmed as a means of targeting

---

[2]    References are to the regulations in effect at the time of the IJ's decision.

3

the *applicant* on some protected ground, that harm may constitute persecution of the applicant."
*Id.*

We conclude that remand is required under the circumstances present here because this error may have affected the agency's conclusion. If the agency concludes that Singh established past persecution, then he has a presumption of a well-founded fear of future persecution and the burden shifts to the government to rebut that presumption, *e.g.*, by establishing that Singh could safely and reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(1), (2), (3)(i). We remand because, under these circumstances, we cannot "confidently predict," *Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 395 (2d Cir. 2005), that the agency would reach the same conclusion if the government had the burden to rebut the presumption of persecution. *See id.* at 406–07 (remanding when it was unclear that the agency would reach the same results absent the errors in the prior analysis).

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** to the BIA for further proceedings consistent with this order. As we have completed our review, all pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4